IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KEVEN CARTER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CIVIL NO. 08-cv-473-MJR |
|  | ) |  |
| ROGER E. WALKER, JR., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Keven Carter, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May

18, 2009). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Carter states that on February 25, 2008, another inmate threatened him with bodily harm if Carter did not sign in to protective custody. Carter reported this threat to the galley officer, who then escorted him to protective custody. He later appeared before Defendant Butler to explain his need for protective custody. He told her that several inmates had threatened him; he did not know their names, although he could identify them by photo. Carter also told her that he had some enemies listed from his prior stint at Menard in 2006, but Butler had no record of that list. Carter then told her that at the end of 2007, he had been assaulted by Inmate Bartholomew on two separate occasions, and that Bartholomew had been moved on November 6, 2007. Again, Butler had no record of his altercations with Bartholomew.

Carter next states that in 2006, while he was in Pinckneyville, he was threatened repeatedly by Inmate Robinson. Carter reported these threats to two officers, but he was not taken to protective custody. Not long after these threats occurred, Robinson assaulted Carter in January 2007.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that

prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

In his first scenario (February 2008), Carter reported the threats, and he was placed in protective custody. He makes no allegations that Butler sent him back to his housing unit, or that he was ever assaulted by the inmates who had threatened him. Therefore, he has failed to state a claim upon which relief may be granted, and this claim is dismissed with prejudice.

In his second scenario (November 2007), Carter was actually assaulted by Bartholomew. However, he makes no allegations that, prior to these assaults, any defendant was aware of any specific threat to Carter by Bartholomew. Thus, Carter has failed to state a claim that any specific defendant was deliberately indifferent to his need for protection from Bartholomew, and this claim is dismissed with prejudice.

In his third scenario (January 2007), Carter was assaulted by Robinson. He had previously reported Robinson's threats to unspecified officers, who failed to take action to prevent the eventual assault. However, this event occurred at Pinckneyville, and Carter has not named any defendants from Pinckneyville. The Court does not know whether Carter has presented these facts simply as background material, or whether he wishes to pursue a claim against defendants at Pinckneyville. If the former, then there is no claim to address. If the latter, Carter must file that claim as a separate lawsuit, because the incidents are unrelated in time, place, and party. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, any claim based on the events at Pinckneyville is dismissed

from this action without prejudice.

Finally, Carter states that he has filed several grievances against staff members for "outing" him as a sex offender. He then alleges that in retaliation for his grievances, he has received numerous false disciplinary tickets. However, he makes no allegations regarding the nature of these disciplinary actions, nor when they occurred, nor who issued the tickets. His allegations are simply too vague and generalized, and he has failed to state a claim upon which relief may be granted.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Carter is advised that the dismissal of this action will count as yet another "strike" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 27th day of May, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**